IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIELSON MACHADO DASILVA and        :        CIVIL ACTION
BETZAIDA LOZADA-BERRIOS, h/w         :
    Plaintiffs          :
           :        NO.  26-5751
    v.                  :
           :
METABO HPT;                          :
KOKI HOLDINGS AMERICA, LTD.;         :
HITACHI KOKI CO., LTD.;              :
HITACHI KOKI U.S.A., LTD.; and       :
AUXILIARY SERVICE INC.               :
    Defendants          :

## NOTICE OF REMOVAL

TO THE CLERK OF COURT:

  Defendants, Metabo HPT, Koki Holdings America, Ltd., Hitachi Koki U.S.A., Ltd. and

Auxiliary Service Inc., by and through their attorneys, Bradley D. Remick, Esquire and Marshall

Dennehey, P.C., hereby respectfully file the Notice of Removal of this action, which is currently

pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Docket No.

260303020, to the United States District Court for the Eastern District of Pennsylvania, pursuant

to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof show the Court the following.

**I.**  **Factual and Procedural History**

  1.  Plaintiff instituted this action on March 19, 2026 by filing a Writ of Summons and

filed a Complaint on July 21, 2026 in the Court of Common Pleas of Philadelphia County.  See

Plaintiff's Writ of Summons and Complaint attached hereto as Exhibit A.

  2.  This is a product liability action in which plaintiff claims while using the subject

product nail gun, the nail gun suddenly discharged while attempting to clear an obstruction causing

a nail to be propelled into plaintiff's head.  As a result, plaintiff is alleging catastrophic, permanent and disabling injuries.

3.    The Complaint was served on defendants on or about July 24, 2026.

**II.    Diversity of Citizenship exists among the parties.**

4.    Based on the averments in the Complaint, plaintiffs are residents of the Commonwealth of Pennsylvania, residing at 1343 E. Carey Street, Philadelphia, Pennsylvania 19124.

5.    Defendant, Metabo HPT, is a brand name only and not an existent legal entity.

6.    Defendant, Koki Holdings America, Ltd. is a Georgia Corporation with its principal place of business at 1111 Broadway Avenue, Braselton, Georgia 30517.

7.    Defendant, Hitachi Koki Co., Ltd. is a Tokyo Corporation with its principal place of business at Shinaqawa Intercity Tower A, 15-1, Konan 2-chrome, Minate-ku, Tokyo 108-6020, Japan.  To date, defendant Hitachi Koki Co., Ltd has not been served.

8.    Defendant, Hitachi Koki U.S.A., Ltd., no longer exists, but was a Georgia Corporation with its principal place of business at 1111 Broadway Avenue, Braselton, Georgia 30517.  Its name was changed to Koki Holdings America, Ltd in 2018.  (See paragraph 7 above.)

9.    Defendant, Auxiliary Service Inc. is a New Jersey Corporation with its principal place of business at 644 Whitehead Rd, Lawrenceville, New Jersey.

**III.    The Amount in Controversy requirement is met.**

10.    A Federal District Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different states." 28 U.S.C. § 1332.

11. The damages allegedly sustained by the plaintiffs are in excess of $75,000.

12. Where, such as here, the Complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 83 (2014).

13. Although Plaintiffs do not quantify the exact damages, they seek compensation in excess of $50,000, as directly stated in their Complaint. (See generally, Exhibit A). Additionally, plaintiffs claim to have suffered "catastrophic, permanent and disabling injuries." (See, Exhibit A). Therefore, it is obvious from a common-sense reading of the Complaint that Plaintiffs are alleging damages in excess of $75,000.00. Accordingly, the amount in controversy is satisfied, rendering this matter properly removable pursuant to 28 U.S.C. § 1332 and 1441(b).

14. Removal is further proper pursuant to this Court's decision in Hiester v. Wal-Mart Stores East, LP, Civil Action No. 18-4863, 2018 U.S. Dist. LEXIS 210670 (E.D. Pa. Dec. 13, 2018).

15. In Hiester, Judge McHugh remanded a case from the Eastern District to Philadelphia County based on the defendant's failure to remove the action within thirty days of service of the complaint. Id. at *4.

16. In that case, the complaint alleged unspecific "serious and painful injuries to [the] back, exacerbation of preexisting conditions and damage to [the] bones, muscles and nervous system, some or all of which may be permanent in nature"; "money for medical treatment which remains ongoing"; "great physical pain . . . disfigurement . . . [and] a severe interruption of [the plaintiff's usual duties . . . into the indefinite future"; and claimed damages in excess of $50,000. Id. at *1-2.

3

17.    The Court stated that "[b]ecause the difference between the state arbitration limit and the jurisdictional amount for removal is only $25,000, [he found] it significant that the plaintiffs certified the case as one that should not go to arbitration." Id. at *3.

**IV.    Defendants have complied with all procedural requirements for removal.**

18.    This Civil Action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because there exists diversity of citizenship between the parties, and the amount in controversy is in excess of $75,000 exclusive of interest and costs. Accordingly, this matter is one which may be removed to this Court by notice pursuant to 28 U.S.C. §§ 1441 and 1446.

19.    This Notice of Removal has been filed within thirty days after service of plaintiffs' Complaint.

20.    All defendants who have been served with the Complaint consent to the removal of this action to this court.

21.    Written notice of the filing of this Notice of Removal has been given to all adverse parties in accordance with 28 U.S.C. § 1446(d), and is noted in the Certificate of Service attached hereto.

22.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania, and because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

23.    Promptly after filing in this Court and the assignment of a Civil Action Number, this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, defendants, Metabo HPT, Koki Holdings America, Ltd., Hitachi Koki U.S.A., Ltd. and Auxiliary Service Inc., hereby remove this action from the Court of Common

Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

*s/ Bradley D. Remick*
BRADLEY D. REMICK, ESQUIRE
PA Attorney I.D. #49449
*Atty. for defendants, Metabo HPT, Koki Holdings America, Ltd., Hitachi Koki U.S.A., Ltd. and Auxiliary Service Inc.*
2000 Market Street, Suite 2300
Philadelphia, PA  19103
P 215-575-2762
bdremick@mdwcg.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served this date, via electronic mail, to the following:

Bryan M. Hanratty, Esquire
Christopher P. Lynett, Esquire
Timothy A. Nolte, Esquire
KECHES LAW GROUP, P.C.
620 Sentry Parkway, Suite 210
Blue Bell, PA  19422
*Attys. for Plaintiffs*

<div style="margin-left:40%">

**MARSHALL DENNEHEY, P.C.**

*s/ Bradley D. Remick*
BRADLEY D. REMICK, ESQUIRE
PA Attorney I.D. #49449
*Atty. for defendants, Metabo HPT, Koki Holdings America, Ltd., Hitachi Koki U.S.A., Ltd. and Auxiliary Service Inc.*
2000 Market Street, Suite 2300
Philadelphia, PA  19103
P 215-575-2762
bdremick@mdwcg.com

</div>

DATE:  August 11, 2026